1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CARMEN M. GUTIERREZ,          )      NO. CV 15-7421-E
                                   )
12              Plaintiff,          )
                                   )
13        v.                        )      **MEMORANDUM OPINION**
                                   )
14   CAROLYN W. COLVIN, Acting      )      **AND ORDER OF REMAND**
     Commissioner of Social Security, )
15                                  )
                Defendant.          )
16   _____)

17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied, and this matter is remanded for further

21   administrative action consistent with this Opinion.

22

23                           **PROCEEDINGS**

24

25        Plaintiff filed a complaint on September 22, 2015, seeking review

26   of the Commissioner's denial of benefits.  The parties consented to

27   proceed before a United States Magistrate Judge on January 20, 2016.

28   Plaintiff filed a motion for summary judgment on February 24, 2016.

Defendant filed a motion for summary judgment on April 27, 2016.  The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed September 23, 2015.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since December 21, 2011, based on multiple alleged physical impairments (Administrative Record ("A.R.") 189-95, 209).  Dr. Ralph Steiger, an orthopedic surgeon who treated Plaintiff for work-related injuries to her left knee and hands, diagnosed, inter alia, overuse syndrome in both upper extremities, De Quervain's tendinitis in the right wrist, carpal tunnel syndrome in both wrists, status post surgery for "trigger fingers" of the left second, third, and fourth digits, Dupuytren's contracture in the left hand, medial and lateral epicondylitis in the right elbow, and cubital tunnel syndrome in the right elbow (A.R. 1394, 1574; see also A.R. 900-01 (Dr. Steiger's diagnoses regarding Plaintiff's alleged knee impairment of a contusion of the patella with articular cartilage damage)).  Dr. Steiger opined that Plaintiff could: (1) sit for 3-4 hours in an eight-hour workday and stand and/or walk for 3-4 hours in an eight-hour workday; (2) lift or carry up to 10 pounds occasionally; (3) grasp, turn and twist objects rarely with the left hand and occasionally with the right hand; (4) rarely use her hands/fingers for fine manipulation; and (5) occasionally use her arms for reaching (A.R. 1571-72).  Dr. Steiger opined that Plaintiff would likely be absent from work two to three times per month due to her impairments (A.R. 1573).

///

2

1     An Administrative Law Judge ("ALJ") reviewed the record and heard

2  testimony from Plaintiff and a vocational expert (A.R. 17-1615).  The

3  ALJ found Plaintiff suffers from the following severe impairments:

4  "history of torn meniscus, left knee, status post arthroscopy; mild

5  disc bulges, cervical spine, with history of radiculitis; mild

6  scoliosis with mild degenerative disc disease, lumbar spine; De

7  Quervain's tendinitis, bilaterally; and history of trigger fingers,

8  left hand, status post[] surgery" (A.R. 19).[1]  Contrary to Dr.

9  Steiger's opinions, the ALJ concluded that Plaintiff retains the

10  residual functional capacity to perform a limited range of light work,

11  including Plaintiff's past relevant work as an optician (A.R. 21, 28

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  _____

19        [1]    The ALJ did not find carpal tunnel syndrome to be a
   medically determinable impairment (A.R. 20).  The ALJ stated that
20  Plaintiff had an "essentially normal neurological examination,"
   with negative Tinel's sign on July 2, 2013, although Plaintiff's
21  treating physician, Dr. Steiger, reported positive Tinel's and
   Phalen's testing just a few weeks later (A.R. 20 (citing A.R.
22  1392, 1420-23, 1574)).  Treating records from Kaiser Permanente
   show negative Phalen's testing and/or normal hand examinations
23  except for tenderness, and negative carpal tunnel syndrome tests
   bilaterally on February 22, 2012, and for the left upper
24  extremity on April 10, 2012, and July 25, 2012 (A.R. 20-21
   (citing A.R. 398, 528-29, 553, 605-09); compare A.R. 1420-23
25  (EMG/nerve conduction study from July 2, 2013 showing possible
   right carpal tunnel syndrome)).  The ALJ did not address Dr.
26  Steiger's diagnoses of Dupuytren's contracture of the left hand,
   medial and lateral epicondylitis in the right elbow, or cubital
27  tunnel syndrome in the right elbow.  Compare A.R. 20-21, 23-24
   (ALJ's analysis) with A.R. 1574 (Dr. Steiger's diagnoses).

(adopting vocational expert testimony at A.R. 88-90)).[2]  The ALJ gave
Dr. Steiger's opinions "little weight," stating: (1) Dr. Steiger
assertedly provided "diagnoses and clinical findings" which other
treating and/or examining sources reportedly had not provided and
which allegedly were not supported by the "longitudinal, objective
medical evidence"; and (2) Dr. Steiger allegedly provided no basis for
"many of the limitations given" (A.R. 27).


     The Appeals Council considered additional evidence, but denied
review (A.R. 1-6).


**STANDARD OF REVIEW**


     Under 42 U.S.C. section 405(g), this Court reviews the
Administration's decision to determine if: (1) the Administration's
findings are supported by substantial evidence; and (2) the
Administration used correct legal standards.  See Carmickle v.
Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

---

[2]     Specifically, the ALJ found Plaintiff could:

  [L]ift and/or carry 20 pounds occasionally and 10
  pounds frequently, stand and/or walk for a total of
  four hours in an eight-hour workday with normal breaks,
  and sit for a total of four hours in an eight-hour
  workday with normal breaks, can handle and finger
  frequently with both upper extremities, can perform
  postural activities (i.e., climbing, crouching,
  crawling, stooping, balancing, and kneeling) no more
  than occasionally, and can reach overhead no more than
  occasionally.

(A.R. 21).

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may
> not substitute its judgment for that of the ALJ.  But the
> Commissioner's decision cannot be affirmed simply by
> isolating a specific quantum of supporting evidence.
> Rather, a court must consider the record as a whole,
> weighing both evidence that supports and evidence that
> detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis.  See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of

the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

I.  **The ALJ Failed to State Sufficient Reasons for Rejecting Dr. Steiger's Opinions.**

A treating physician's opinions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (discussing deference owed to the opinions of treating and examining physicians).  Even where the treating physician's opinions are contradicted, as here, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and

1  quotations omitted).

2

3       The reasons the ALJ stated for rejecting Dr. Steiger's opinions

4  do not comport with these authorities.  First, the ALJ's statement

5  that Dr. Steiger's diagnoses and clinical findings purportedly are

6  "not corroborated by other treating and/or examining sources" fails to

7  reflect the record accurately.  The ALJ failed to acknowledge that Dr.

8  Steiger's opinions were based at least in part on a neurologist's

9  July 2, 2013 EMG/nerve conduction studies of Plaintiff's upper

10  extremities finding "possible" right carpal tunnel syndrome.  See A.R.

11  20-21 (ALJ purporting to describe these studies as "essentially

12  normal"); see also A.R. 1578 (Dr. Steiger referencing neurologist's

13  studies in his September 2013 evaluation).  The neurologist stated

14  that "all subtests to detect mild right carpal tunnel syndrome were

15  within normal limits, except that median motor conduction to abductor

16  pollicis brevis was slower to abductor pollicis brevis than to second

17  lumbrical," which "sometimes" can be the only sign of carpal tunnel

18  syndrome called "lumbrical sparing" (A.R. 1422-23).  The neurologist

19  recommended clinical correlation (A.R. 1423).  To the extent the other

20  medical sources made diagnoses or clinical findings contrary to Dr.

21  Steiger's diagnoses and findings, such contradiction triggers rather

22  than satisfies the requirement of stating "specific, legitimate

23  reasons."  See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692

24  (9th Cir. 2007); Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007).

25

26       Second, the ALJ's statement that Dr. Steiger's opinions were "not

27  substantially support[ed]" by the "longitudinal, objective medical

28  evidence" is impermissibly vague and unspecific.  See, e.g., Kinzer v.

<u>Colvin</u>, 567 Fed. App'x 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions do not suffice); <u>Embrey v. Bowen</u>, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . ."); <u>compare</u> <u>Wilson v. Colvin</u>, 583 Fed. App'x 649, 651 (9th Cir. 2014) (upholding rejection of treating physician's opinion where the ALJ determined that it was not corroborated by any other medical opinion, was inconsistent with the rest of the record, and relied heavily on the claimant's own subjective statements which the ALJ found incredible).

Third, the ALJ's only other stated reason, <u>i.e.</u>, that Dr. Steiger assertedly provided "no basis for many of the limitations given," is factually unsupported and otherwise insufficient (A.R. 27). Dr. Steiger cited ten specific clinical findings on examination of Plaintiff as evidence to support the opinions (A.R. 1574). In any event, if the ALJ thought that Dr. Steiger should more fully explain the bases for the limitations Dr. Steiger found to exist, the ALJ should have developed the record further on this subject. <u>See generally</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983) ("[T]he ALJ has a special duty to fully and fairly develop the record to assure the claimant's interests are considered. This duty exists even

when the claimant is represented by counsel.") (internal citation omitted); see also Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also have continued the hearing to augment the record.") (citations omitted).

In light of the vocational expert's testimony, the Court cannot find harmless the ALJ's failure to state sufficient reasons for rejecting Dr. Steiger's opinions.  An error "is harmless where it is inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted).  The vocational expert testified that if a person were limited to less than frequent handling or reaching, such person: (1) could not perform Plaintiff's past relevant work; and (2) could not perform sedentary work (A.R. 91, 93, 96).  Additionally, according to the vocational expert, if a person were absent from work two to three days per month, such absenteeism alone would preclude the performance of any job (A.R. 96).

**II.   Remand for Further Administrative Proceedings is Appropriate.**

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2010); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an

administrative determination, the proper course is remand for
additional agency investigation or explanation, except in rare
circumstances); Dominquez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015)
("Unless the district court concludes that further administrative
proceedings would serve no useful purpose, it may not remand with a
direction to provide benefits"); Treichler v. Commissioner, 775 F.3d
1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative
proceedings is the proper remedy "in all but the rarest cases");
Garrison v. Colvin, 759 F.3d at 1020 (court will credit-as-true
medical opinion evidence only where, inter alia, "the record has been
fully developed and further administrative proceedings would serve no
useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.),
cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings
rather than for the immediate payment of benefits is appropriate where
there are "sufficient unanswered questions in the record").  There
remain significant unanswered questions in the present record.  For
example, it is not clear on the present record whether the ALJ would
be required to find Plaintiff disabled for the entire claimed period
of disability even if Dr. Steiger's opinion were fully credited.  See
Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).[3]

---

[3]    Plaintiff's alleged onset date is December 21, 2011
(A.R. 195).  Dr. Steiger opined that Plaintiff's limitations,
which Dr. Steiger based on Plaintiff's upper extremity
impairments, have existed since December 23, 2010 (A.R. 1573-74).
As the ALJ noted, however, Plaintiff was able to work in 2011 and
stopped working in 2011 due to her knee injury, so the date in
Dr. Steiger's opinion may be a "clerical error" (A.R. 24).  Dr.
Steiger elsewhere indicated Plaintiff's limitations do not apply
"as far back as 12-21-11" (A.R. 1573).

     Plaintiff testified that she stopped work due to her knee
(continued...)

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 12, 2016.


                                    /s/
                            CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
injury and "in the course of that injury" she had problems with her hands (A.R. 52-57).  Plaintiff could not pinpoint when her hand conditions by themselves allegedly became disabling (id.).  The first medical record containing any complaints regarding Plaintiff's hands is dated in June of 2011 (A.R. 397-411).  Yet, Plaintiff reported to Dr. Steiger that she experienced weakness in her hands since 2010 which reportedly led to trigger finger release without significant improvement (A.R. 1390-91).  Plaintiff had trigger finger release surgery on her left hand on August 2, 2012 (A.R. 634-72).

[4]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.